# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-51250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2016

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUENTIN LAVELLE JEFFRIES,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Western District of Texas

———————————

## ON REMAND FROM THE UNITED STATES SUPREME COURT

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

The attorney appointed to represent Quentin Lavelle Jeffries moved for leave to withdraw and filed a brief in accordance with *Anders v. California,* 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Jeffries did not file a timely response. We granted the motion to withdraw and dismissed the case as frivolous. *United States v. Jeffries*, 616 F. App'x 763 (5th Cir. 2015), *vacated*, No. 15-7300, 2016 U.S. LEXIS 2191 (Mar. 28, 2016).

Proceeding pro se, Jeffries filed a petition for certiorari in the United States Supreme Court, which we have reviewed together with his (late-filed)

briefing in our court. In his petition for certiorari, Jeffries alleged that he was sentenced pursuant to the residual clause of the United States Sentencing Guidelines § 4B1.2. The Solicitor General advised that his position was that such arguments about *Johnson* should be returned to the circuit court for ruling in the first instance. The Court granted the petition, vacated the judgment, and remanded for "further consideration in light of *Johnson v. United States,* 576 U.S. __, 135 S. Ct. 2551 (2015)." *Jeffries*, 2016 U.S. LEXIS 2191, at *1. In *Johnson*, the Court examined the "residual clause" of the Armed Career Criminal Act ("ACCA") and concluded that it was unconstitutional, leaving the remainder of the enhancement sections of the ACCA undisturbed. *Johnson*, 135 S. Ct. at 2556, 2563. *Johnson* addressed the underlying crime of "possession of a short-barreled shotgun." *Id.* at 2556.

Examining the presentence investigation report (PSR), to which Jeffries did not object on any relevant ground, we determine that he was sentenced as a career offender under the United States Sentencing Guidelines § 4B1.1 which states as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The effect of this designation is to raise the offense level used to calculate the relevant guidelines sentence (rather than setting a mandatory minimum as is the case with the ACCA). The guidelines define the term "crime of violence" in the same way that the ACCA defines the term "violent felony." *Compare* U.S.S.G. § 4B1.2, *with* 18 U.S.C. § 924(e)(2)(b). However, Application Note 1 to § 4B1.2 specifically enumerates aggravated assault as a "crime of violence."

No. 14-51250

Jeffries does not contest that his present conviction and one prior conviction were controlled substance offenses under § 4B1.2. The other prior crime used to designate Jeffries as a career offender was the crime of aggravated assault with a deadly weapon[1] under Texas Penal Code § 22.02, which is a specifically enumerated crime of violence under Application Note 1. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 200–01 (5th Cir. 2007) (addressing Application Notes to U.S.S.G. § 2L1.2(b)(1)(A)). Accordingly, Jeffries was not sentenced under the ACCA,[2] nor was he sentenced under the residual clause of § 4B1.2. Therefore, he has no arguable claim of relief under *Johnson*, even assuming arguendo that *Johnson*'s analysis applies to career offender determinations under the sentencing guidelines.

AFFIRMED.

---

[1]   The PSR attaches the charging instrument and judgment describing his crime as "aggravated assault with a deadly weapon." The charging instrument states that he "intentionally and knowingly use[d] a deadly weapon" causing bodily injury to the victim. Jeffries states that his conviction was pursuant to Texas Penal Code § 22.02.

[2] We previously examined a *Johnson* challenge to an ACCA enhancement based upon a violation of Texas Penal Code § 22.02 and concluded that the defendant there could not prevail under plain error review. *United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015) (rejecting the defendant's *Johnson* challenge because it is not plain that Texas Penal Code § 22.02 is not a violent felony under the force clause of 18 U.S.C. § 924(e)(2)(B)), *cert. denied*, 136 S. Ct. 851 (2016). Here, too, Jeffries's arguments would face plain error review.