# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41438
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

June 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ANTONIO ISRAEL ROMERO-BOREGO,
   Also Known as Antonio Israel Borrego-Romero,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-556-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antonio Romero-Borego was sentenced to 70 months for illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

into the United States.  On appeal, he contends that the district court committed reversible plain error when it added criminal history points under U.S.S.G. § 4A1.1(e) on the basis of his three Texas aggravated-robbery convictions, which he claims are not crimes of violence ("COVs") under U.S.S.G. § 4B1.2(a) (2015).

The linchpin of Romero-Borego's theory is that the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague, because it contains the same language as the provision of the Armed Career Criminal Act that was invalidated for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Romero-Borego contends that, once the residual clause is excised from the text of § 4B1.2 (2015) for unconstitutional vagueness, the commentary to that guideline, which enumerates robbery as a COV, can no longer stand.  He further maintains that his aggravated-robbery convictions do not qualify as COVs under any remaining provision of § 4B1.2(a).

Romero-Borego concedes that his plain-error challenge to the validity of the residual clause and to the application of the relevant commentary are foreclosed by *United States v. Jeffries*, 822 F.3d 192, 193–94 (5th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 1328 (2017).  He raised those issues in the hope that the Supreme Court would issue a decision favorable to his position in a pending case.  But in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), the Court declined to extend *Johnson* to guidelines determinations and instead held, "Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."

In the wake of *Beckles*, the government moved, unopposed, for summary affirmance, contending that *Beckles* forecloses the issues raised on appeal. Summary affirmance is proper where, among other instances, "the position of

No. 16-41438

one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In view of *Beckles*, and taking into consideration Romero-Borego's concession that *Jeffries* effectively forecloses his challenge to the sentence, summary affirmance is appropriate. *See id.* Accordingly, the motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The government's alternative request for an extension of time to file a brief is DENIED as unnecessary.