United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-11180
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANDRECO LOTT,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:01-CR-177-6)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

       A jury convicted Andreco Lott, federal prisoner # 27068-177, of conspiracy to commit bank robbery, two counts of bank robbery, two counts of conspiracy to obstruct interstate commerce by robbery, and four counts of using and carrying a firearm during a crime of violence. See United States v. Lott, 66 F. App'x 523 (5th Cir. 2003). The district court sentenced Lott to a total aggregate term of imprisonment of 1,111 months, to be followed by concurrent terms of three and five years of supervised release. The district court ordered Lott to pay restitution in the amount of $87,359.85,

———————————

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jointly and severally with his codefendants, with payment to begin immediately. The district court also ordered Lott to pay special assessments of $900 immediately.

More than one year after his conviction and sentence became final, Lott filed a "Motion to Modify Assessments Court Cost and Restitution Order and Set Installment Payments" and a petition to establish quarterly installments. The purpose of the motions was for the district court to establish a payment plan for the special assessments and restitution. Lott alleged that the Bureau of Prisons (BOP) was requiring him to pay more per month than he could afford. Lott appeals the district court's denial of these motions.

Lott's motions challenged the manner in which the BOP was administering the Inmate Financial Responsibility Program. His motions did not explicitly attack any action by the sentencing court. Lott's motions are in the nature of 28 U.S.C. § 2241 petitions and should have been filed in the district of his incarceration. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Accordingly, the district court's order is VACATED and this case is REMANDED with instructions for the district court to enter an order dismissing Lott's petitions for lack of subject matter jurisdiction.

VACATED and REMANDED.