# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10866

In re: ANDRECO LOTT,

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2016

Lyle W. Cayce
Clerk

Movant

_____

Motion for an order authorizing
the United States District Court for the
Northern District of Texas, Fort Worth to consider
a successive 28 U.S.C. § 2255 motion

_____

Before SMITH, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:

A jury convicted Andreco Lott, federal prisoner # 27068-177, of one count of conspiring to commit bank robbery, two counts of bank robbery and aiding and abetting, two counts of conspiring to obstruct interstate commerce by robbery and aiding and abetting, and four counts of using and carrying a firearm during a crime of violence and aiding and abetting. He now moves for authorization to file a successive 28 U.S.C. § 2255 motion challenging his convictions under 18 U.S.C. § 924(c) for using and carrying a firearm during a crime of violence and aiding and abetting as well as his convictions for bank robbery and conspiring to obstruct interstate commerce by robbery and aiding and abetting. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001). Invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015), Lott argues that these convictions are invalid. He also argues that his firearms and bank robbery convictions are invalid in

light of the Supreme Court's recent decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *McDonnell v. United States*, 136 S. Ct. 2355 (2016).

Lott has not made the requisite showing. We have held that *Johnson* does not provide a basis for authorizing a successive § 2255 motion challenging a conviction under § 924(c). *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016). Moreover, the bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, *compare Johnson*, 135 S. Ct. at 2555-57, *with* 18 U.S.C. § 2113(a) (bank robbery), *and* 18 U.S.C. § 1951 (conspiracy to obstruct interstate commerce by robbery), and so *Johnson* has no bearing on them. Finally, Lott has failed to make a prima facie showing that *Mathis* and *McDonnell* set forth new rules of constitutional law that have been made retroactive to cases on collateral review. *See* § 2255(h)(2); § 2244(b)(3)(C); *Reyes-Requena*, 243 F.3d at 897-99.

Accordingly, IT IS ORDERED that Lott's motion for authorization is DENIED. IT IS FURTHER ORDERED that Lott's motion to hold his case in abeyance in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, 136 S. Ct. 2510 (2016), is DENIED.