# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-50033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID SAMARRIPA, also known as Sleepy,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-360-14

————

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Samarripa, federal prisoner # 80091-280, has moved for leave to proceed in forma pauperis (IFP). He seeks to appeal the district court's denial of his petition for a writ of audita querela in which he challenged the sentence imposed for his convictions for conspiracy to possess with intent to distribute more than five kilograms of cocaine and conspiracy to possess with intent to distribute more than one kilogram of heroin. Samarripa maintains that (1) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in dismissing his petition for lack of jurisdiction because the dismissal leaves him with no avenue of judicial review and is contrary to the Suspension Clause; (2) his sentence is unconstitutional in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016); and (3) his prior conviction should not have been used to enhance his sentence because it is not a categorical match for a corresponding federal drug offense.

By moving for leave to proceed IFP on appeal, Samarripa is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Samarripa has not shown that he was entitled to relief under a petition for writ of audita querela. He does not raise a legal defect that arose after the judgment and may not seek relief on equitable grounds. *See United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). Although he challenges his sentence based on Mathis, which was decided after his sentencing, he has failed to show that redress is unavailable through a 28 U.S.C. § 2255 motion. *See id.* at 487-88; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867-68 (5th Cir. 2000). To the extent that he cannot satisfy the requirements to file a successive § 2255 motion because, inter alia, *Mathis* did not set forth a new rule of constitutional law made retroactively applicable to cases on collateral review, *see In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016), the § 2255 remedy nonetheless is considered to be available, *see Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Accordingly, Samarripa has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Thus,

No. 17-50033

Samarripa's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.