# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-51418
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ROMO, also known as El Senor,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-360-12

———————

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Romo, federal prisoner # 68895-080, has moved for leave to proceed in forma pauperis (IFP). He seeks to appeal the district court's denial of his petition for a writ of audita querela in which he challenged the sentence imposed for his convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine and conspiracy to possess with intent to distribute one kilogram or more of heroin.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51418

Romo argues that the district court erred in dismissing his petition for lack of jurisdiction on the grounds that (1) his sentence violates his rights to due process and equal protection because his 21 U.S.C. § 851 enhancement was based on 21 U.S.C. § 802(44)'s definition of "felony drug offense," which he contends is unconstitutionally vague; (2) his sentencing enhancement is unconstitutional in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Moncrieffe v. Holder*, 569 U.S. 184 (2013), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), because it is not predicated upon an offense that categorically matches a Controlled Substances Act felony; and (3) dismissal of his writ application amounted to an unconstitutional suspension of the writ.

By moving for leave to proceed IFP on appeal, Romo challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Romo has not shown that he was entitled to relief under an application for a writ of audita querela. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks and citation omitted). Although Romo challenges his sentence based, in part, upon decisions issued after his sentencing, he has failed to show that redress is unavailable through a 28 U.S.C. § 2255 motion. *See United States v. Miller*, 599 F.3d 484, 487-88 (5th Cir. 2010); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867-68 (5th Cir. 2000). To the extent that he cannot satisfy the requirements to file a successive § 2255 motion, *see In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016), the § 2255 remedy nonetheless is

considered to be available, *see Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Accordingly, Romo has failed to show an error in the district court's certification decision and has not established that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Romo's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.