# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2018

Lyle W. Cayce
Clerk

No. 18-10132
Summary Calendar

STEVEN DEWAYNE JENKINS,

Petitioner-Appellant

v.

D. J. HARMON, Warden, FCI-Seagoville,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-831

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Steven Dewayne Jenkins, federal prisoner # 03439-063, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 28 U.S.C. § 2241 petition. His petition challenged the 15-year sentence imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), in connection with his conviction for possession of a firearm by a felon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We will not grant the motion unless Jenkins shows that he raises a nonfrivolous issue and thus is taking the appeal in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Jenkins has not met this standard.

A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the "savings clause" of § 2255(e). *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The petitioner shoulders the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

Jenkins argues that his claims fall within the savings clause of 28 U.S.C. § 2255(e) because *Mathis v. United States*, 136 S. Ct. 2243 (2016), establishes his innocence of the sentencing provisions of the ACCA and could not have been previously raised. He does not show that he was convicted of a nonexistent crime or that he is actually innocent of the firearm offense for which he was convicted in the instant case. Additionally, *Mathis* is not retroactively applicable. *See Mathis*, 136 S. Ct. at 2257; *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion because *Mathis* did not set forth a new rule of constitutional law that had been made retroactive to cases on collateral review). Accordingly, Jenkins has not shown that he could proceed under § 2241 because he did not meet the requirements of the savings clause of § 2255(e). *See Reyes-Requena*, 243 F.3d at 904.

No. 18-10132

Jenkins has failed to raise a nonfrivolous issue for appeal. His motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.