# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2019

Lyle W. Cayce
Clerk

VINCENT PISCIOTTA,

Petitioner-Appellant

v.

D. J. HARMON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2797

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

A jury in the Western District of Missouri convicted Vincent Pisciotta, federal prisoner # 23174-045, of arson, conspiracy to commit arson, and use of fire to commit a federal felony offense, and he was sentenced to an aggregate term of imprisonment of 240 months. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which he filed in the Northern District of Texas, where he is currently incarcerated. Pisciotta generally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10489

asserts that the district court erroneously concluded that he failed to meet the requirements of the savings clause of 28 U.S.C. § 2255(e), which would allow him to proceed under § 2241.  Liberally construed, his petition challenged the validity of his sentence, asserted factual innocence, and argued that his convictions were constitutionally infirm because the jury instructions were defective, he was subjected to double jeopardy, and counsel was ineffective for failing to raise these claims and litigate other errors at trial and sentencing. Because the district court dismissed the § 2241 petition on the pleadings, this court's review is de novo.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A prisoner may use Section 2241 to challenge his sentence only if it "appears that the remedy [under Section 2255] is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  A § 2241 petition is not a substitute for a § 2255 motion, and Pisciotta must establish the inadequacy or ineffectiveness of a § 2255 motion by meeting the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Under that clause, Pisciotta must show that his petition sets forth a claim "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when [it] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Pisciotta presented no credible evidence of actual innocence, and his sentencing claims are not cognizable in a § 2241 proceeding.  *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005).  Pisciotta's reliance on *Sessions v. Dimaya*, 138 S. Ct.  1204 (2018), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), to support his remaining claims is misplaced.  *Dimaya* did not address whether its holding might apply retroactively on collateral review

2

of a criminal conviction or establish that Pisciotta was imprisoned for noncriminal conduct. *See Dimaya*, 138 S. Ct. at 1211-12. *Mathis* neither sets forth a new rule of constitutional law nor applies retroactively to cases on collateral review. *See Mathis*, 136 S. Ct. at 2257; *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). Moreover, *Mathis* implicates the validity of a sentence enhancement and does not establish that Pisciotta was convicted of a nonexistent offense. *See Padilla,* 416 F.3d at 425-27. Therefore, Pisciotta's *Dimaya* and *Mathis*-based claims do not satisfy the test for the savings clause of § 2255(e).

Accordingly, the district court did not err in determining that Pisciotta failed to satisfy the requirements of the savings clause of § 2255(e) and dismissing his § 2241 petition for lack of jurisdiction. *See Reyes-Requena*, 243 F.3d at 904. The judgment of the district court is AFFIRMED.