# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2019

Lyle W. Cayce
Clerk

JIMMY LEE SHARBUTT,

Petitioner-Appellant

v.

N. VASQUEZ, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-514

Before BARKSDALE, ELROD, and HO, Circuit Judges,

PER CURIAM:*

Jimmy Lee Sharbutt, federal prisoner # 09112-062 and proceeding *pro se*, contests the dismissal of his 28 U.S.C. § 2241 petition. Sharbutt was convicted of being a felon in possession of a firearm and ammunition. The district court concluded he was an armed career criminal and sentenced him, *inter alia*, to 262 months' imprisonment. *See* 18 U.S.C. §§ 922(g)(1), 924(e). Subsequently, his 28 U.S.C. § 2255 motion was denied.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-41106

For his § 2241 motion, Sharbutt contends the court erred in concluding he failed to meet the requirements of the savings clause of § 2255(e), which would permit him to proceed under § 2241 (generally reserved for challenges to the manner in which a sentence is being executed).  According to Sharbutt, *Mathis v. United States*, 136 S. Ct. 2243 (2016), prohibits the application of the armed-career-criminal enhancement for convictions of offenses defined more broadly than the generic offense listed in § 924(e)(2)(B)(ii), such as his prior conviction of Oklahoma second-degree burglary.  *See United States v. Hamilton*, 889 F.3d 688, 699 (10th Cir. 2018).

The district court's determination of law in dismissing a § 2241 petition is reviewed *de novo*.  *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).  To proceed under § 2241, Sharbutt has to meet the requirements of the savings clause in § 2255(e) by showing his claim was "based on a retroactively applicable Supreme Court decision which establishes that . . . petitioner may have been convicted of a nonexistent offense" and "foreclosed by circuit law at the time when the claim should have been raised in . . . petitioner's trial, appeal, or first § 2255 motion".  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Because *Mathis* implicates the validity of a sentence enhancement, *Mathis* does not establish Sharbutt was convicted of a nonexistent offense. *See Padilla v. United States*, 416 F.3d 424, 425–27 (5th Cir. 2005) (pre-*Mathis* action in which petitioner "[did] not attack his conviction and his claims challenge only the validity of his sentence").  Moreover, *Mathis* does not apply retroactively. *See Mathis*, 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion because petitioner "failed to [show] *Mathis* . . . set forth [a] new rule[ ] of

No. 17-41106

constitutional law that [has] been made retroactive to cases on collateral review" (citation omitted)).

AFFIRMED.