# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2023

Lyle W. Cayce
Clerk

No. 20-10424

United States of America,

　　　　　　　　　　　　　　　　　　　　*Plaintiff—Appellee*,

*versus*

Andreco Lott,

　　　　　　　　　　　　　　　　　　　　*Defendant—Appellant*,

consolidated with

No. 20-10583

United States of America,

　　　　　　　　　　　　　　　　　　　　*Plaintiff—Appellee*,

*versus*

Cedric Diggs,

　　　　　　　　　　　　　　　　　　　　*Defendant—Appellant*.

No. 20-10424 cons. w/
No. 20-10583

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-333
USDC No. 4:20-CV-163

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:

Appellants Andreco Lott and Cedric Diggs are serving, respectively, a 1,111-month sentence and a 738-month sentence for multiple robberies and violations of 18 U.S.C. § 924(c). Appellants brought successive 28 U.S.C. § 2255 motions, alleging *United States v. Davis*, 139 S. Ct. 2319 (2019), rendered their Section 924(c) convictions invalid. The district court dismissed their motions for lack of jurisdiction. We AFFIRM.

## BACKGROUND

Appellants Lott and Diggs were charged with multiple counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).[1] Each Hobbs Act count served as the predicate "crime of violence" for the Section 924(c) count it preceded. A jury convicted Appellants on the relevant counts, and this court affirmed their convictions on direct appeal. *United States v. Lott*, 66 F. App'x 523, *2 (5th Cir. 2003) (per curiam). Appellants' previous collateral attacks have failed.

Section 924(c) defines *crime of violence* in two subparts, the "elements clause" and the "residual clause." In 2019, the Supreme Court held the

---

[1] Lott was also charged with conspiracy to commit bank robbery and with two bank robbery counts, in violation of 18 U.S.C. § 2113.

No. 20-10424 cons. w/
No. 20-10583

residual clause's definition to be unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Under *Davis*, conspiracy to commit Hobbs Act robbery can no longer serve as a predicate crime of violence because it does not meet the definition set forth in Section 924(c)'s elements clause. *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *aff'd in part and vacated in part on other grounds by* 139 S. Ct. at 2336. Hobbs Act robbery, however, remains a viable crime of violence. *Id.* at 485.

Appellants contend they were convicted of conspiracy to commit Hobbs Act robbery and, consequently, *Davis* rendered their corresponding Section 924(c) convictions invalid. Appellants moved this court for an order authorizing the district court to consider their successive Section 2255 motions. This court granted those applications subject to district court screening procedures outlined in 28 U.S.C. § 2244(b)(4) and *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001). It also appointed the Federal Public Defender to represent Diggs.

The district court dismissed the motions for lack of jurisdiction and declined to issue certificates of appealability ("COA"). In doing so, it held Appellants failed to "show that it was 'more likely than not'" their Section 924(c) convictions "were categorized as crimes of violence only through reliance on the now-defunct residual clause." Appellants timely appealed. This court consolidated the cases, granted a COA in each, and appointed counsel for Lott.

## ANALYSIS

The COA requires us to decide, first, whether the district court properly applied a 'more likely than not' standard when screening Appellants' putative *Davis* claims. We must then decide whether, under the relevant standard, Appellants demonstrated they were convicted of

3

No. 20-10424 cons. w/
No. 20-10583

conspiracy to commit Hobbs Act robbery, rendering their Section 924(c) convictions invalid under *Davis*.[2]

### A. Standard

Appellants contend the district court erred in applying a 'more likely than not' standard when screening their claims pursuant to Section 2244(b). We find our established precedent fully applicable to *Davis* claims.

After this court grants permission to file a successive Section 2255 motion, the movant "must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018) (citing 28 U.S.C. §§ 2244(b)(2) & (4)). If it does not, the district court must dismiss the claim for lack of jurisdiction. *Id.* "At issue here is the degree to which a prisoner 'must actually prove' that the relief he seeks 'relies on' [*Davis*] to confer jurisdiction on a district court." *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019).

This court addressed an almost identical issue in *United States v. Clay*, in which movants asserted claims under *Johnson v. United States*, 576 U.S. 591, 606, 135 S. Ct. 2551, 2563 (2015) (holding 18 U.S.C. § 924(e)(2)(B)(ii)'s

---

[2] The COA included two additional issues. The first is whether *Davis* applies retroactively to cases on collateral review. The government concedes that it does, and we agree. *See United States v. Reece*, 938 F.3d 630, 634–35 (5th Cir. 2019).

The second issue is whether the district court must perform a 'gatekeeping' analysis in a Section 2255 proceeding after this court has granted authorization to proceed. This court has already decided that question in the affirmative, as has every other circuit. *See, e.g.*, *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001). Because reasonable jurists cannot debate whether the issue "should have been resolved in a different manner" or that it is "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003) (internal quotation marks and citation omitted), we vacate the COA as to this issue.

No. 20-10424 cons. w/
No. 20-10583

definition of *violent felony* to be unconstitutionally vague). *See Clay*, 921 F.3d at 554, 557. The court sided "with the majority of circuits" and held "a prisoner seeking the district court's authorization to file a successive § 2255 petition raising a *Johnson* claim must show that it was *more likely than not* that he was sentenced under the residual clause." *Id.* at 558–59 (emphasis added).

Appellants contend *Clay* was wrongly decided and should not be extended to Section 2244(b) screening of successive claims putatively brought under *Davis*. They maintain instead that movants' petitions need only follow the statute and contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). As their motions "contain" *Davis*, which is the right kind of rule, they insist jurisdiction is established and their arguments should be addressed on the merits.

The only distinction between these cases and *Clay* is that, unlike *Johnson* claims, *Davis* claims require the court to assess the conviction by the jury rather than the judge's sentencing decision. Otherwise, both situations involve Section 924 residual provisions that were invalidated. Both can be decided by record evidence. And in both instances, applying the 'more likely than not' standard "best comports with the general civil standard for review and with the stringent and limited approach of [the Antiterrorism and Effective Death Penalty Act] to successive habeas applications." *Clay*, 921 F.3d at 559 (internal quotation marks and citation omitted) (alteration in original).[3] In sum, we confirm that a prisoner seeking the district court's

---

[3] *See also United States v. Clark*, 852 F. App'x 812, 814 (5th Cir. 2021) (per curiam) (noting Section 2255 petitioner met jurisdictional requirement because "it is more likely than not that he was sentenced under § 924(c)'s residual clause, which was invalidated in *Davis*"); *United States v. Dixon*, 799 F. App'x 308, 309 n.1 (5th Cir. 2020) (per curiam)

No. 20-10424 cons. w/
No. 20-10583

authorization to file a successive Section 2255 petition raising a *Davis* claim must show it is more likely than not he was convicted under Section 924(c)'s residual clause.

## B. APPLICATION

Appellants next contend that even under the 'more likely than not' standard, their claims survive and should proceed to the merits. But they failed to prove it is more likely than not the jury convicted them of the Section 924(c) offenses based on predicate conspiracy offenses.

Appellants focus on multiplicitous language in the indictments,[4] which charged as to each of the robberies that Appellants "did *knowingly and willfully* obstruct, delay, and affect interstate commerce and did *attempt* and *conspire* to obstruct, delay and affect interstate commerce, by robbery." (emphasis added). This language embodied each substantive robbery count, and theoretically, the jury was asked to convict on actual robbery, attempt to commit robbery, *or* conspiracy to commit robbery for each count. Appellants follow with the proposition that because the jury returned a general verdict as to each count, the court was obliged to enter judgment against them for conspiracy, the least culpable offense. *Cf. United States v. Conley*, 349 F.3d 837, 840 (5th Cir. 2003) ("[W]here a jury verdict is ambiguous, a sentence imposed for a conviction on a count charging violations of multiple statutes or provisions of statutes may not exceed the lowest of the potentially

---

(same); *In re Hall*, 979 F.3d 339, 355 (5th Cir. 2020) (Dennis, J., dissenting) (contending *Clay* extends to district court treatment of *Davis* claims); *Calderon v. United States*, 811 F. App'x 511, 516–17 (11th Cir. 2020) (per curiam) (holding Section 2255 petitioner did not establish "it was more likely than not that he was sentenced solely under § 924(c)'s residual clause.").

[4] Appellants could have challenged the indictment's defect of multiplicity before or at trial but failed to do so.

No. 20-10424 cons. w/
No. 20-10583

applicable maximums."). That interpretation of the judgment, they argue, requires this court find they were convicted only on conspiracy to commit Hobbs Act robbery.

Appellants next note each Section 924(c) count states that Appellants "did knowingly use and carry a firearm during and in relation to the commission of a crime of violence, namely: a robbery, which obstructed, delayed, and affected commerce, a violation of Title 18, United States Code, Section 1951, *as alleged*" in the immediately preceding, multiplicitous Hobbs Act count. (emphasis added). And because each Section 924(c) count incorporates the immediately preceding Hobbs Act count, Appellants contend it is more likely than not the jury verdicts on the gun counts relied on Hobbs Act conspiracy convictions.

The verdict form could have been more clearly expressed. But we are convinced, on considering the trial record as a whole, including the oral jury instructions, the trial evidence, and the minimally useful post-conviction record, that the jury convicted Appellants of actual robbery, not mere conspiracy.

To begin, the oral jury instructions stated that, to convict under the Hobbs Act counts, the jury must find beyond a reasonable doubt:

> First, that the defendant under consideration, either Lott or Diggs, obtained or attempted to obtain money from another without that person's consent, that is, that other person's consent. Second, that the defendant under consideration did so by wrongful use of actual or threatened force, violence, or fear. And, third, that such conduct of the defendant under consideration interfered with or affected interstate commerce.

No. 20-10424 cons. w/
No. 20-10583

This instruction excluded conspiracy from the Hobbs Act counts.[5]  We thus presume the jury followed the court's instructions and convicted on Hobbs Act robbery.  *See United States v. Burns*, 526 F.3d 852, 858 (5th Cir. 2008) (jury presumed to follow trial court's instructions).

Further, when the court addressed the Section 924(c) counts, it instructed the jurors that "bank robbery and robbery are crimes of violence"; it made no mention of *conspiracy* to commit robbery.  Indeed, it clarified that "when there's a firearm count, it depends on you having found the defendant guilty of the offense of having committed *the robbery* in the first place, that is, the immediately preceding count."  (emphasis added).

After instructing on the Section 924(c) counts, the court did state:

> And, of course, the information I'll be giving you shortly about conspirators being held responsible for the conduct of other conspirators and on the subject of aiding and abetting applies to [the Section 924(c)] counts as well as to others.

But when later instructing as to aiding and abetting, the trial court did not add information about conspiracy.  The trial court, in fact, recognized this omission during a bench conference.  And it concluded, "I did the aiding and abetting.  That ought to be enough."  The parties agreed.

Appellants emphasize an instruction for conspiracy as to Count 1 and contend the government has failed to explain how the jury was supposed to know that instruction did not apply to the Hobbs Act counts.  The answer is

---

[5] The jury instruction and record here distinguish this case from both *United States v. Perry*, 35 F.4th 293, 342 (5th Cir. 2022) (vacating Section 924 convictions without government objection where trial court instructed jury it could convict on one of two predicate offenses, one valid and one invalid), and *United States v. Jones*, 935 F.3d 266, 273–74 (5th Cir. 2019) (per curiam) (same).

No. 20-10424 cons. w/
No. 20-10583

straightforward: This jury instruction was limited to Count 1, a stand-alone conspiracy count directed solely at Appellant Lott.[6] The trial court did not return to this instruction when covering the subsequent Hobbs Act counts; it never referred to the Hobbs Act charges as "conspiracies"; and it charged Appellants with "robberies," both directly and again, when it addressed those charges as they related to the Section 924(c) counts. Carefully read, the verdict and instructions do not reveal that it is more likely than not the jury convicted Appellants of conspiracy to commit Hobbs Act robbery. The Section 924(c) counts are therefore not imperiled under *Davis*.

The evidence presented at trial supports this conclusion. Appellants were active participants in the robberies that served as predicates for the gun enhancements. The evidence showed that Diggs supplied his codefendant with a gun, personally carried a gun, and drove the getaway car during the robbery of Swinford's Bar-B-Que. Diggs also carried a gun and served as a lookout during the Sack-n-Save robbery. Finally, Diggs robbed a restaurant called Top Cat, during which he pointed his gun at a store employee and suggested that he and his codefendant should "just kill" the witnesses. Lott, for his part, put a gun under the bulletproof vest of a security guard and twice sprayed him with mace during the robbery of an armored car at a Greyhound Bus station. He also acted as a scout during the Winn Dixie robbery and initiated the operation via cell phone, signaling his codefendants to enter the store with weapons drawn.

---

[6] The trial court stated, "Title 18, United States Code, Section 371 makes it a crime for anyone to conspire with someone else to commit [an] offense against the laws of the United States. . . . Count 1 of the indictment charges Defendant Andreco Lott and others with conspiring to commit the offense of bank robbery. . . . I'm going to give you one, two, three, the things the government has to prove for the Defendant Lott to be convicted of the offense charged by Count 1 of the indictment." The trial court then went on to list the elements of conspiracy.

No. 20-10424 cons. w/
No. 20-10583

The post-conviction record bears less weight here than it did in *Clay* because *Davis* claims focus on the conviction at trial as opposed to the judge's decision at sentencing. But to the extent relevant, the post-conviction record also fails to support the conclusion that it is more likely than not Appellants were convicted of mere conspiracy to commit Hobbs Act robbery. Appellants point to the judgments of conviction, which state the "nature" of the Hobbs Act convictions as "[c]onspiracy to obstruct interstate commerce by robbery and aiding and abetting." Appellants' Presentence Investigation Reports ("PSRs") use this same language. And this court as well as the government have, in various proceedings, referred to Appellants' convictions with similar language.[7]

That purely descriptive language, however, is itself ambiguous because conspiracy and aiding and abetting are distinct crimes.[8] *See United States v. Cowart*, 595 F.2d 1023, 1030–34 (5th Cir. 1979) (distinguishing conspiracy conviction from aiding and abetting conviction). And any ambiguity is clarified in light of the fact that (i) the evidence adduced at trial

---

[7] For conspiracy alone, see *United States v. Lott*, 66 F. App'x 523, *1 (5th Cir. 2003) (per curiam); *United States v. Lott*, 227 F. App'x 414, *1 (5th Cir. 2007) (per curiam); *United States v. Diggs*, 283 F. App'x 223, *1 (5th Cir. 2008) (per curiam); *United States v. Diggs*, 2021 WL 4452354, *1 (5th Cir. Sept. 28, 2021) (per curiam); *United States v. Diggs*, 2014 WL 12838983, *1 (N.D. Tex. June 13, 2014). For conspiracy and aiding and abetting, see *In re Lott*, 838 F.3d 522 (5th Cir. 2016) (per curiam); *United States v. Diggs*, No. 08-10658, Appellee's Br., 2008 WL 7118438 (5th Cir. Nov. 12, 2008). For robbery alone, see *United States v. Lott*, 2018 WL 11335852, *1 (5th Cir. Mar. 6, 2018); *United States v. Lott*, 2005 WL 405307, *1 (N.D. Tex. Feb. 11, 2005).

[8] Appellants additionally argue the Government forfeited any objection to treating the offenses as conspiracies. The use of descriptive, generic terminology bears no legal consequence. But even if it did, Appellants' contention falls flat. In prior post-conviction proceedings, the government referred to the convictions as "conspiracy to obstruct interstate commerce by robbery *and aiding and abetting*." *See, e.g.*, *Diggs*, No. 08-10658, Appellee's Br., 2008 WL 7118438 (emphasis added). Aiding and abetting is a functional proxy for the robbery convictions.

No. 20-10424 cons. w/
No. 20-10583

was sufficient to convict Appellants of either the robberies or aiding and abetting the robberies, (ii) the jury instructions precluded a conspiracy conviction on the Hobbs Act counts, and (iii) the judge explicitly instructed the jury on an aiding and abetting theory but not on conspiracy for these counts. The PSRs' description of the relevant Hobbs Act robberies additionally demonstrates Appellants either committed or aided and abetted those robberies. The district court likewise characterized the Hobbs Act convictions as robbery and aiding and abetting robbery during Appellants' sentencing hearings.[9]

In sum, Appellants have not carried their burden to prove that it is more likely than not the jury convicted them of the Section 924(c) offenses based on conspiracy to commit Hobbs Act robbery.[10] The district court correctly held Appellants' claims do not rely on *Davis* and, accordingly, dismissed their motions for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h)(2).

**CONCLUSION**

---

[9] For instance, in discussing Diggs's objection to a two-level enhancement for his role as a supervisor, the trial judge stated, "I agree with the probation officer that there is reliable evidence that [Diggs] planned the robberies in which he was involved and directed the activities of those he recruited to participate in the robberies." The trial judge also adopted the facts stated in Appellants' PSRs, which, as noted above, describe Appellants' conduct as either robbery or aiding and abetting robbery.

[10] Appellants additionally argue in their reply brief that the Supreme Court recently held that *attempted* Hobbs Act robbery cannot serve as a predicate offense to a Section 924(c) count. *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). That issue was not included in the COA. We therefore lack jurisdiction to consider it as a ground for relief. *See Miller-El*, 537 U.S. at 336, 123 S. Ct. at 1039 (citing 28 U.S.C. § 2253(c)(1)). And regardless, the record reveals that the relevant robberies were completed offenses.

No. 20-10424 cons. w/
No. 20-10583

For the foregoing reasons, the district court's judgments are AFFIRMED.