**REVISED August 14, 2018**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50445

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

EDDIE RAY WIESE, JR., also known as Eddie Ray Weise, Jr.,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

HAYNES, Circuit Judge:

We granted Eddie Ray Wiese, Jr. a certificate of appealability on his successive habeas corpus motion. He argues that his sentence should not have been enhanced under the Armed Career Criminal Act ("ACCA"). Because Wiese had not established a jurisdictional predicate for his successive habeas motion at the district court level, we VACATE the district court's judgment and DISMISS Wiese's motion for lack of jurisdiction.

## I.  Background

In 2003, Wiese was charged under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) with being a felon in possession of a firearm following a 1988 Texas burglary of a habitation conviction. Wiese pleaded guilty pursuant to a written plea

agreement.[1] At his rearraignment, Wiese pleaded true to the fact that he had four prior violent felony or serious drug offense convictions, subjecting him to a statutory mandatory minimum sentence of fifteen years in prison and up to five years of supervised release. His guidelines range was 188 to 235 months in prison. The district court sentenced Wiese to 235 months in prison and a five-year term of supervised release.

Wiese filed his initial habeas application in 2004, arguing that his sentence was unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). The district court denied relief. He filed the current, second motion in June 2016, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court determined that ACCA's residual clause defining a "violent felony" was unconstitutionally vague. 135 S. Ct. at 2555–57. In *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Court held that *Johnson* retroactively applied to cases on collateral review. Wiese sought and received authorization from this court to file his second 28 U.S.C. § 2255 motion. *See* § 2255(h). In the authorization, we cautioned that it was "tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Wiese has failed to make the showing required to file such a motion." *See* 28 U.S.C. § 2244(b)(4).

The district court denied Wiese's motion. It first determined that it had jurisdiction to reach the merits. The argument forming the basis for Wiese's motion—that the Texas burglary statute was not divisible—was based on statutory interpretation following *Mathis v. United States*, 136 S. Ct. 2243 (2016), a case which we had held did not apply retroactively. *See In re Lott*,

---

[1] In his plea agreement, Wiese voluntarily and knowingly waived his right to contest his sentence in a post-conviction proceeding, including under 28 U.S.C. § 2255. However, because the Government must invoke an appeal waiver to enforce it and has not done so here, Wiese's action is proper. *See United States v. Story,* 439 F.3d 226, 231 (5th Cir. 2006).

No. 17-50445

838 F.3d 522, 523 (5th Cir. 2016) (per curiam). Nonetheless, the district court held that because *Johnson* applied retroactively, it was inconsequential that *Mathis* did not. It reasoned that Wiese could have been convicted under a non-generic form of Texas burglary, Texas Penal Code § 30.02(a)(3), which only qualified for ACCA purposes under the residual clause. *See United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (per curiam).

After finding jurisdiction, the district court denied relief based upon our decision in *United States v. Uribe* to hold that any argument that the Texas burglary statute was indivisible was foreclosed, because we held in *Uribe* that the Texas burglary statute was divisible. 838 F.3d 667 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017), *overruled by United States v. Herrold*, 883 F.3d 517, 529 (5th Cir. 2018) (en banc), *pets. for cert. filed* (U.S. April 18, 2018) (No. 17-1445), *and* (U.S. May 21, 2018) (No. 17-9127). The district court looked to the *Shepard*[2] documents provided by the Government to determine under which subsection of the Texas burglary statute Wiese had been convicted. The documents indicated that all of the ten burglaries submitted to the court had been committed with the intent required for generic burglary. Thus, the district court denied Wiese's § 2255 motion and further denied him a certificate of appealability, because "Wiese ha[d] failed to make a substantial showing of the denial of a constitutional right."

Wiese appealed the district court's decision and requested a certificate of appealability from this court. While his request was pending, we decided *Herrold* and held that the Texas burglary statute is indivisible, overruling *Uribe*. *Herrold*, 883 F.3d at 529, 541. We subsequently granted Wiese's certificate of appealability "as to the issue [of] whether he should receive relief on his claim that he no longer qualifies for sentencing under [] ACCA."

---

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

No. 17-50445

## II. Discussion

We must initially determine whether the district court properly reached the merits of Wiese's motion.[3]  The Government argues that the district court improperly ruled on the merits of Wiese's § 2255 motion, because it lacked jurisdiction to do so.  If the district court did not have jurisdiction to reach the merits, naturally, we cannot reach the merits on appeal.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) ("If the district court lacked jurisdiction, '[o]ur jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'" (alteration in original) (quoting *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998))).

A second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application.  *See* §§ 2244(b), 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 896–900 (5th Cir. 2001).  There are two requirements, or "gates," which a prisoner making a second or successive habeas motion must pass to have it heard on the merits.  *Reyes-Requena*, 243 F.3d at 899.  First, we must grant the prisoner permission to file a second or successive motion, which requires the prisoner to make a "prima facie showing" that the motion relies on a new claim resulting from either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty.  *See* §§ 2244(b)(2), (3)(A), (3)(C), 2255(h).  We granted such permission

---

[3] We have appellate jurisdiction over the case under 28 U.S.C. § 2253, as a final order in a § 2255 proceeding on which Wiese was granted a certificate of appealability.  We review a district court's ultimate decision whether to grant a second or successive habeas motion de novo as a question of law and factual findings for clear error.  *See Hardemon v. Quarterman*, 516 F.3d 272, 274 (5th Cir. 2008).

4

here, and the Government does not contest that Wiese made a prima facie showing as to a new, retroactive rule of constitutional law based on *Johnson*.[4]

Second, the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence. *See* § 2244(b)(2), (4). If the motion does not, the district court must dismiss without reaching the merits. *See id.* We noted as much when we granted Wiese permission to file his second habeas motion, stating that the grant was "tentative in that the district court *must dismiss the § 2255 motion without reaching the merits* if it determines that Wiese has failed to make the showing required to file such a motion," citing § 2244(b)(4) and *Reyes-Requena*, 243 F.3d at 899. The Government argues that Wiese did not meet this requirement because his claim does not rely on a new, retroactive rule of constitutional law.

The dispositive question for jurisdictional purposes here is whether the sentencing court relied on the residual clause in making its sentencing determination—if it did, then *Johnson* creates a jurisdictional predicate for the district court, and for our court on appeal, to reach the merits of Wiese's motion. We join the majority of our sister circuits in concluding that we must look to the law at the time of sentencing to determine whether a sentence was imposed under the enumerated offenses clause or the residual clause. *See United States v. Washington*, 890 F.3d 891, 897–98 (10th Cir. 2018); *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018); *Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018), *cert. denied sub nom. Casey v. United States*, 2018 WL 1243146 (U.S. June 25, 2018) (No. 17-1251); *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

---

[4] Wiese did not argue that his motion arises from new evidence, and thus, we did not grant permission to file a second or successive habeas motion on that basis and do not look to evidentiary considerations here.

No. 17-50445

That said, the circuits are not in accord on how we decide whether the original sentencing court relied on the residual clause, and we previously have not established a standard to determine whether the sentencing court relied on the residual clause for *Johnson* purposes. *See United States v. Taylor*, 873 F.3d 476, 481 (5th Cir. 2017); *compare Washington,* 890 F.3d at 896 (applying a "more likely than not" standard and collecting cases that have determined the burden of proof), *Potter*, 887 F.3d at 788, *Dimott*, 881 F.3d at 240, *and Beeman*, 871 F.3d at 1221–22,[5] *with United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017) ("We therefore hold that, when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in [*Johnson*]."), *and United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (articulating that the same "may have" standard applies "regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence"). We note that the "more likely than not" standard appears to be the more appropriate standard since it comports with the general civil standard for review and with the stringent and limited approach of AEDPA to successive habeas applications.

But we need not conclusively decide that here because even under the standard Wiese argues is most favorable to him—the Fourth Circuit's standard requiring a defendant to show that the sentencing court "may have" relied on

---

[5] As Wiese notes in his reply brief, *Dimott* and *Beeman* both were original habeas claims under § 2255, as opposed to second or successive applications under § 2244. *See Dimott,* 881 F.3d at 233–34; *Beeman*, 871 F.3d at 1218–19. Other courts have used some of the analysis from those cases to illuminate the successive issue. *See Washington*, 890 F.3d at 896. Moreover, as the standard to grant relief under a second or successive habeas application is even more limited than that of an original habeas application, this distinction does not aid Wiese. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) (noting the restrictions placed on second or successive habeas petitions due to AEDPA).

6

the residual clause for a court to consider a collateral challenge based on *Johnson*, as articulated in *Winston*, 850 F.3d at 682—Wiese has not shown that the sentencing court "may have" relied on the residual clause.

In determining potential reliance on the residual clause by the sentencing court, we may look to (1) the sentencing record for direct evidence of a sentence, *Beeman*, 871 F.3d at 1224 n.4, *see also Massey v. United States*, --- F.3d ----, No. 17-1676, 2018 WL 3370584, at *3 (2d Cir. July 11, 2018), and (2) "'the relevant background legal environment that existed at the time of [the defendant's] sentencing' and the [presentence report ("PSR")] and other relevant materials before the district court," *Washington*, 890 F.3d at 896 (citing *United States v. Snyder*, 871 F.3d 1122, 1128–30 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1696 (2018)). Here, although the sentencing judge did not make any statement as to which clause was used for the sentencing enhancement, it is not "more likely than not" that the residual clause came into play. As well, there is nothing to indicate that the sentencing judge "may have" relied on the residual clause.

In 2003, when Wiese was convicted of being a felon in possession, all of § 30.02(a) was considered generic burglary under the enumerated offenses clause of ACCA. *See United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992); *see also United States v. Stone*, 72 F. App'x 149, 150 (5th Cir. 2003) (per curiam) (citing *Silva*, 957 F.2d at 161–62).[6] That we held five years later that § 30.02(a)(3) is not generic burglary, *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (per curiam), or that we held earlier this year that § 30.02(a) is indivisible, *Herrold*, 883 F.3d at 529, are of no consequence to determining the mindset of a sentencing judge in 2003. Indeed, *Herrold*'s state law analysis

---

[6] Although *Stone* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

that undergirded the divisibility determination was largely based upon a Texas Court of Appeals case decided five years after the sentencing in this case. *See Herrold*, 883 F.3d at 523, 525 (citing *Martinez v. State*, 269 S.W.3d 777 (Tex. App.—Austin 2008, no pet.)). Thus, at the time of sentencing, there was absolutely nothing to put the residual clause on the sentencing court's radar in this case.

What is more, the PSR and other documents before the sentencing court clearly indicate that the sentencing judge would have relied on the enumerated offenses clause in sentencing Wiese. The PSR identifies "Burglary of a Habitation" as the offense which led to Wiese's sentence enhancement, and the charges against Wiese in all ten instances for which the Government provided *Shepard* documents reflect that he was convicted with the requisite intent under Texas Penal Code § 30.02(a)(1). We have never held that subsection (a)(1), alone, does not constitute generic burglary; *Herrold* declined to reach that issue. *Herrold*, 883 F.3d at 541. Thus, the actual charges that Wiese was convicted of did not present a situation where the residual clause would have, in any way, been considered as a basis for ACCA sentencing enhancement.

Neither *Mathis* nor *Herrold* can save Wiese's motion. *Mathis* did not state a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court, *In re Lott*, 838 F.3d at 523, and neither did *Herrold*, a decision of this court. To the extent that Wiese attempts to use *Mathis* and *Herrold* to argue that, in light of *Johnson*, convictions under the enumerated offenses clause must also be reconsidered, numerous circuit courts have expressly rejected that contention. *See Perez v. United States*, --- F. App'x ----, No. 16-17751, 2018 WL 1750555, at *5 (11th Cir. Apr. 12, 2018) (per curiam), *pet. for cert. filed* (U.S. Jul. 10, 2018) (No. 18-5217); *Dimott*, 881 F.3d at 237; *United States v. Safford*, 707 F. App'x 571, 573 (10th Cir. 2017) ("What Defendant is attempting is to leverage the irrelevant *Johnson* decision

to enable him to apply *Mathis* retroactively.  We can admire the effort, but we cannot permit such a circumvention of habeas law."), *pet. for cert. filed* (U.S. May 25, 2018) (No. 17-9170); *Holt v. United States*, 843 F.3d 720, 723–24 (7th Cir. 2016); *cf. Massey*, --- F.3d ----, 2018 WL 3370584, at \*4 (analogizing to *Dimott* to hold that similarly bootstrapping *Curtis Johnson v. United States*, 559 U.S. 133 (2010), to *Johnson* to support a successive habeas motion "cannot be right" (quoting *Dimott*, 881 F.3d at 238)).  Although we have not addressed this precise argument before today, we have implicitly rejected the contention as well.  *See In re Lott*, 838 F.3d at 522–23 (rejecting the contentions that (1) *Johnson* applied to a sentencing enhancement based on the enumerated offenses clause, and (2) *Mathis* could apply to set forth a new, retroactive rule of constitutional law).  We expressly reject it here.  *Johnson* only applied to the residual clause and cannot be used to attack sentences under the enumerated offenses clause.  If the district court did not rely on the residual clause, *Johnson* cannot be a jurisdictional predicate, regardless of subsequent changes in the law, if they are not new, retroactive rules of constitutional law by the Supreme Court.

In sum, Wiese has not established that the sentencing court "more likely than not" relied upon the residual clause.  Even if we apply the less demanding "may have relied" standard, there is no evidence that the sentencing court "may have" relied on the residual clause in sentencing Wiese.  Merely a theoretical possibility cannot satisfy this standard.  *Cf. United States v. Jeffries*, 822 F.3d 192, 193–94 (5th Cir. 2016) (holding that even if *Johnson* applied to the residual clause of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2, a defendant sentenced as a career offender under U.S.S.G. § 4B1.1 would not have an arguable claim for relief because his crime was a specifically enumerated crime of violence in the Application Note), *cert. denied*, 137 S. Ct. 1328 (2017).  Therefore, the district court erred in reaching the

merits of Wiese's motion, and we likewise lack jurisdiction to do so.

### III.    Conclusion

Because *Johnson* is not a jurisdictional predicate for Wiese's § 2255 motion, the district court did not have jurisdiction to reach the merits of the motion.    Consequently, we VACATE the district court's judgment and DISMISS Wiese's § 2255 motion for lack of jurisdiction.