# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40554

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

>  Plaintiff - Appellee

v.

FRED WINTERROTH,

>  Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-59

Before JONES, HAYNES, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Fred Winterroth challenged the length of his sentence as unlawful through a motion under 28 U.S.C. § 2255. The district court denied the motion on the merits. We conclude the district court lacked jurisdiction to address the motion. We therefore VACATE the district court's order and DISMISS for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40554

## I.    Background

In 2006, Fred Winterroth pleaded guilty to one charge of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to serve 262 months in prison and a five-year term of supervised release.[1]   The ACCA enhancement was based on two Texas burglary convictions and one Texas robbery conviction.   Winterroth admitted to those convictions and took no direct appeal.

In June 2014, Winterroth filed his first motion under 28 U.S.C. § 2255, asserting his sentence was invalid after the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013).   In his motion, Winterroth sought a reexamination of his ACCA predicate convictions.   The district court concluded that the motion was untimely and dismissed it.

In 2016, Winterroth sought our authorization to file a successive § 2255 motion.   This time, he argued that his sentence was unlawful in light of *Johnson v. United States*, which struck down the residual clause of the ACCA's § 924(e)(2)(B)(ii) "violent felony" definition as unconstitutionally vague.   *See* 135 S. Ct. 2551, 2557 (2015).  Winterroth specifically challenged the use of his burglary convictions as ACCA predicates.   He conceded that his burglary convictions arose under Texas Penal Code § 30.02, but he asserted that the charging instruments in those cases did not clarify whether he was convicted for burglary under § 30.02(a)(1) or § 30.02(a)(3).   A conviction under § 30.02(a)(1) would still qualify as an ACCA predicate post-*Johnson*, he conceded at the time, but a conviction under § 30.02(a)(3) would not.  He did not challenge the use of his robbery conviction for the ACCA enhancement, and

---

[1]   The plea agreement included a waiver of collateral review which the Government has invoked.  Thus, Winterroth must show that his sentence exceeds the statutory maximum to meet the only relevant exception to the waiver.

he even conceded that it was a qualifying ACCA predicate offense. We authorized Winterroth to bring a successive § 2255 motion challenging his ACCA enhancement under *Johnson*, which was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Winterroth then litigated his § 2255 motion in the district court, reiterating his contention that his two burglary convictions could not be used post-*Johnson* as ACCA predicate convictions. His motion did not challenge the use of his robbery conviction as an ACCA predicate.

The district court denied Winterroth's motion. It determined that the Texas burglary statute is divisible and that application of the modified categorical approach showed that both of Winterroth's prior Texas burglary convictions were under § 30.02(a)(1), which this court had held to be generic burglary and thus an ACCA predicate offense even after *Johnson*. The district court also noted that Winterroth had not challenged the use of his robbery conviction for purposes of the ACCA sentence enhancement.

Winterroth timely noticed his appeal. He then moved for a certificate of appealability ("COA"), reiterating that the enhancement of his sentence under the ACCA was improper. We granted a COA on the issue of "whether [Winterroth] should receive relief on his claim that he no longer qualifies for sentencing under the ACCA" in light of our decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445). Winterroth's COA motion also sought to challenge the use of his Texas robbery conviction to support the ACCA enhancement in his case. Though we initially denied a COA on this issue, we later expanded the COA to include it. We now address Winterroth's arguments.

No. 17-40554

## II.   Burglary Convictions

We lack jurisdiction to consider Winterroth's § 2255 motion as it applies to his burglary convictions.  A successive motion like Winterroth's may only be filed if it raises a newly recognized, retroactively applicable constitutional right or, under certain conditions, newly discovered evidence.  28 U.S.C. § 2255(h).

Winterroth relies on *Johnson* as the alleged newly recognized constitutional right that permits him to file a successive petition.  *Johnson* struck down the residual clause of the ACCA's § 924(e)(2)(B)(ii) "violent felony" definition as unconstitutionally vague.  *See* 135 S. Ct. at 2557, 2563 (2015). Thus, for *Johnson* to be relevant, Winterroth must show that the sentencing judge relied on the residual clause to sentence Winterroth.  *See United States v. Wiese*, 896 F.3d 720, 724–26 (5th Cir. 2018), *petition for cert. filed* (Dec. 26, 2018) (No. 18-7252).  "Merely a theoretical possibility" that the district court relied on the residual clause is insufficient.  *Id.* at 726.

Winterroth fails to make the necessary showing.[2]  Winterroth's challenge to his ACCA enhancement is nearly identical to the challenge in *Wiese*.  As was the case in *Wiese*, 896 F.3d at 725, the district court said nothing at sentencing as to whether it considered Winterroth's prior Texas burglary convictions to be ACCA predicates as the enumerated offense of burglary or to be violent felonies under § 924(e)'s residual clause.  As was the case in *Wiese*, "all of § 30.02(a) was considered generic burglary under the enumerated offenses clause of the ACCA" when Winterroth was convicted of being a felon in possession in 2006. *Id.*  Nothing in the legal landscape at the time of Winterroth's sentencing would have caused the sentencing court to consider whether his prior Texas

---

[2] We did not resolve in *Wiese* the precise burden that applies to a defendant attempting to make that showing.  *Wiese*, 896 F.3d at 724–26.  Different circuits have applied different standards.  *Id.*  As we did there, we conclude here that Winterroth fails under either standard and thus need not resolve the precise standard.

4

burglary convictions were anything other than the enumerated offense of burglary. *See id.*[3] Moreover, Winterroth's pre-sentence report referred to his prior burglary convictions as being for "Burglary of a Habitation," just like Wiese's did. *Id.* Finally, as was the case in *Wiese, id.*, the indictments provided by the Government reflect that Winterroth was convicted of a crime with the requisite intent under § 30.02(a)(1). Winterroth has not shown anything more than a mere theoretical possibility that the sentencing court relied on the residual clause to sentence him.[4]

We therefore conclude that *Johnson* is irrelevant to Winterroth's challenge under our precedent. Winterroth fails to show that he has raised a newly recognized constitutional right which satisfies the requirements of § 2255(h). The district court lacked jurisdiction to consider his § 2255 motion. *Id.* at 726. Accordingly, we vacate the district court's order addressing the merits of the burglary conviction issue and dismiss for lack of jurisdiction.

### III.    Robbery Conviction

We also conclude that Winterroth's challenge to his robbery conviction is not properly before us for several reasons. We note that Winterroth never sought or obtained permission to file a successive habeas petition on the grounds that his robbery conviction was improperly treated as an ACCA predicate conviction. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (requiring a prisoner

---

[3] The Supreme Court's recent decision in *United States v. Stitt*, 139 S. Ct. 399 (2018), reinforces the point that the focus of the inquiry is on the meaning of "generic burglary."

[4] Winterroth argues that *Wiese* does not control because charging documents were available to the sentencing court in *Wiese*, while here only the pre-sentence report establishes his offense. But, as we recently said in an unpublished opinion, "[W]e do not see why that requires a different result given that . . . any conviction for Texas burglary of a habitation [then] qualified as generic burglary. There was no need to resort to the modified categorical approach, which is the point of considering state conviction records, to reach that conclusion." *United States v. Castro*, No. 17-40312, 2018 WL 6070373, at *2 (5th Cir. Nov. 20, 2018); *see also Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority.").

to seek authorization from the court of appeals before the district court can consider the application); *United States v. McDaniels*, 907 F.3d 366, 369–70 (5th Cir.) (dismissing an unauthorized successive petition for want of jurisdiction). Further, Winterroth argued for the first time on appeal that his robbery conviction could not be an ACCA predicate. "Issues raised for the first time on appeal of a 28 U.S.C. § 2255 motion are not considered." *United States v. Graves*, 248 F.3d 1138 (5th Cir. 2001).[5]

To the extent Winterroth's appeal should be treated as a request to authorize a successive habeas petition, we deny it. *See Kutzner v. Cockrell*, 303 F.3d 333, 339 (5th Cir. 2002) (considering an appeal from an unauthorized successive habeas petition to be a request for authorization to file a successive habeas petition). He first made his robbery argument well after the one-year deadline to raise *Johnson* as a new rule of constitutional law. *See* 28 U.S.C. § 2255(f)(3). Consequently, the assertion is untimely. *See In re Johnson*, 325 F. App'x 337, 338 (5th Cir. 2009) (per curiam) (denying a request to file a successive habeas petition based on a newly recognized constitutional right because it would be time-barred). We thus do not reach the issue of whether a Texas robbery conviction is a qualifying felony under the ACCA.

## IV.    Conclusion

We VACATE the district court's judgment and DISMISS Winterroth's § 2255 motion for lack of jurisdiction.

---

[5] Winterroth argued his robbery point to the district court in an Emergency Motion for Immediate Release that he filed four months after the district court had already denied his motion and three months after Winterroth appealed. The district court denied that motion, concluding that it was a successive habeas petition.