# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 17-50586
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TODD RICKS,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-950
USDC No. 1:06-CR-206-1

—————

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Todd Ricks, federal prisoner # 83035-180, is serving a lengthy sentence for drug and firearm crimes. His sentence was enhanced under 18 U.S.C. § 924(e) of the Armed Career Criminal Act (ACCA), based on prior convictions for Texas burglaries that were deemed "violent felonies" under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 924(e)(2)(B)(ii).  We affirmed the conviction and sentence and denied Ricks's first 28 U.S.C. § 2255 motion.

When Ricks was sentenced, violent felonies were defined in pertinent part as certain enumerated crimes, including generic burglary, or any crime involving "conduct that presents a serious potential risk of physical injury to another."  § 924(e)(2)(B)(ii); *see Mathis v. United States*, 136 S. Ct. 2243, 2247-48 (2016).   The latter definition, known as the residual clause, was later invalidated by *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).  *Johnson* was made retroactive to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257 (2016).

After Ricks moved for authorization to file a successive § 2255 motion citing *Johnson* and *Mathis*, we granted authorization but explained that it was "tentative in the sense that if the district court concludes, after a thorough review, that Ricks has not satisfied the requirements for filing a successive motion, the district court must dismiss the motion."

In his successive § 2255 motion in the district court, Ricks argued that his Texas burglary convictions could not be used to enhance his sentence because they were neither generic burglaries in light of *Mathis* nor violent felonies in light of *Johnson*.  The district court denied the motion on the merits and applied this court's then-controlling precedent holding that Texas burglary was generic burglary as contemplated by  § 924(e)(2)(B)(ii).  *See United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016), *overruled by United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc).

Shortly thereafter, we overruled *Uribe* and held that Texas burglaries were not generic burglaries and thus could not be used to enhance sentences under § 924(e).  *See Herrold*, 883 F.3d at 520-21, 529.  We thus granted Ricks a certificate of appealability (COA) on whether "he no longer qualifies for

No. 17-50586

ACCA sentencing as a result of changes in the law concerning ACCA predicate offenses, particularly the classification of Texas burglary offenses."

We first must determine whether the district court had jurisdiction to address the merits of the successive § 2255 motion, because if it did not, then we also lack jurisdiction to reach the merits. *See United States v. Wiese*, 896 F.3d 720, 723-24 (5th Cir. 2018). *Wiese* is on point and controls the resolution of Ricks's appeal.

*Herrold*, unlike *Johnson*, offers no basis for a successive § 2255 motion because it did not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." § 2255(h)(2); *see Wiese*, 896 F.3d at 725-26. Accordingly, Ricks must establish that *Johnson* is the basis for his successive § 2255 motion. *See id.* at 724-25. To do so, he must show that the sentencing court imposed the ACCA enhancement by relying on the residual clause that *Johnson* invalidated. *See id.*

Under the most favorable standard for Ricks, he must show that the sentencing court "may have" relied on the residual clause. *See id.* When Ricks was sentenced in March 2008, all violations of the Texas burglary statute were deemed generic burglary. *See id.* at 725. Thus, "at the time of sentencing, there was absolutely nothing to put the residual clause on the sentencing court's radar." *Id.* Nothing about the record, the legal environment, or other relevant circumstances suggests that sentencing court may have relied on the residual clause.

Because Ricks's sentence was not based on the residual clause, his successive § 2255 motion was not based on *Johnson* and did not meet the requirements of § 2255(h)(2). Consequently, we VACATE the district court's judgment and DISMISS the § 2255 motion for lack of jurisdiction. *See Wiese*, 896 F.3d at 726.