# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-11210
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONARD WILSON BULLARD, JR.,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-124

————

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

In 2005, Leonard Wilson Bullard, Jr., federal prisoner # 31815-177, was convicted of unlawfully possessing a firearm after a felony conviction. He received an enhanced sentence under 18 U.S.C. § 924(e) of the Armed Career Criminal Act (ACCA) based in part on two prior Texas burglary convictions that were deemed "violent felonies" under § 924(e)(2)(B)(ii). Bullard did not directly appeal, and his first 28 U.S.C. § 2255 motion was dismissed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11210

In 2016, this court granted Bullard's motion for authorization to file a successive § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which determined that the residual clause of the ACCA's § 924(e)(2)(B)(ii) "violent felony" definition was unconstitutionally vague, and *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), which held that *Johnson* was retroactively applicable on collateral review. This court explained that its grant of authorization was "tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Bullard has failed to make the showing required to file such a motion."

The district court denied Bullard's authorized successive § 2255 motion on the merits and, alternatively, as time barred. The court reasoned that Bullard failed to show that he had been sentenced under the residual clause that was declared unconstitutional in *Johnson*. This court granted Bullard a COA on the following issues: (1) whether his § 2255 motion was timely filed, and (2) if so, whether he should receive relief on his claim that he no longer qualifies for sentencing under the ACCA.

A prisoner making a successive § 2255 motion must pass through two jurisdictional "gates" in order to have his motion heard on the merits. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018) (internal quotation marks and citation omitted), *cert. denied*, 2019 WL 1231818 (Mar. 18, 2019) (No. 18-7252). Bullard successfully passed through the first gate by obtaining this court's permission to file a successive § 2255 motion based on his prima facie showing that his motion relies on the new and retroactive constitutional rule set forth in *Johnson*. *See Wiese*, 896 F.3d at 723; 28 U.S.C. § 2244(b)(2)(A), (3)(A), (3)(C); § 2255(h)(2). To pass through the second gate, Bullard was obligated to establish jurisdiction in the district court by actually proving that

2

No. 17-11210

he is seeking relief based on *Johnson*'s new and retroactive constitutional rule. *See Wiese*, 896 F.3d at 723; § 2244(b)(2)(A), (4).

The dispositive question for jurisdictional purposes is whether the sentencing court more likely than not, or at least may have, relied on the residual clause in making its sentencing determination. *Wiese*, 896 F.3d at 724-25. In conducting this evaluation, courts "must look to the law at the time of sentencing to determine whether a sentence was imposed under the enumerated offenses clause or the residual clause." *Id.* at 724. Courts may consider the sentencing record, the presentence report and other relevant materials before the sentencing court, and the legal landscape at the time of sentencing. *Id.* at 725.

Here, neither party references any statements by the sentencing court clarifying whether it categorized Bullard's prior Texas burglary convictions as violent felonies under the enumerated offenses clause or the residual clause of § 924(e)(2)(B)(ii). *See Wiese*, 896 F.3d at 725. However, the legal landscape at the time of Bullard's 2005 sentencing indicates that his Texas burglary convictions would have qualified as generic burglary offenses under the enumerated offenses clause and, thus, the residual clause would not have been on the sentencing court's radar. *See Wiese*, 896 F.3d at 725. As we explained in *Wiese*, 896 F.3d at 725, it was not until 2008 that any category of Texas burglary offenses was excluded from consideration as generic burglary, *see United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008), and it was not until 2018 that the Texas burglary statute was deemed to be indivisible, *see United States v. Herrold*, 883 F.3d 517, 522-23 (5th Cir. 2018), *petitions for cert. filed* (April 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127).

In light of the foregoing, Bullard has failed to demonstrate that his sentencing court more likely than not, or even may have, relied on the

No. 17-11210

unconstitutional residual clause in enhancing his sentence based in part on his two prior Texas burglary convictions. *See Wiese*, 896 F.3d at 724-25. Bullard has therefore failed to make the required showing that *Johnson* provides a jurisdictional predicate for reaching the merits of his authorized successive § 2255 motion. *See id.* at 726. Consequently, we VACATE the district court's judgment and DISMISS the § 2255 motion for lack of jurisdiction.