# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60499
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILL ROBERTSON BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-223

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Will Robertson Brown, former federal prisoner # 03641-043, appeals the district court's denial and dismissal of his tentatively-authorized successive 28 U.S.C. § 2255 motion challenging his conviction of and sentence for being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(e). The district court sentenced Brown in 2004 to 188 months in prison and five years of supervised release. Although he has been released from prison, this appeal is

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not moot because Brown is currently serving his term of supervised release. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).  In his successive § 2255 motion, Brown argued that four of six prior convictions no longer qualify as violent felonies under § 924(e)(2)(B) after *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Brown contends that without those violent felony convictions, he was not subject to the enhanced penalties under the Armed Career Criminal Act (ACCA).

Because Brown based his successive § 2255 motion on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court in *Johnson*, Brown had to show in the district court that his claim "relie[d] on" that rule.  *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1328 (2019).  Specifically, Brown had to show that the sentencing court "more likely than not" relied on the residual clause at sentencing to categorize a prior conviction as a violent felony.  *United States v. Clay*, 921 F.3d 550, 558-59 (5th Cir. 2019), *as revised* (Apr. 25, 2019), *cert. denied*, 140 S. Ct. 866 (2020).  Reviewing de novo, *see Wiese*, 896 F.3d at 723 & n.3, we conclude that Brown failed to make the required showing.  *See Clay*, 921 F.3d at 558-59.  The district court therefore did not have jurisdiction to reach the merits, and our jurisdiction likewise does not extend to the merits.  *See Wiese*, 896 F.3d at 723-24.

When the district court sentenced Brown in 2004, the ACCA provided enhanced penalties for a felon in possession of a firearm who had at least three prior convictions for violent felonies or serious drug offenses.  § 924(e)(1) (2004).  At that time and until *Johnson*, the ACCA defined a violent felony as a crime punishable by more than one year in prison that (1) "has as an element the use, attempted use, or threatened use of physical force against" another (the elements or force clause), (2) is the enumerated offense of burglary, arson, or

extortion, or involves the use of explosives (the enumerated offenses clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).  § 924(e)(2)(B) (2004) & (2017); *see United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017).  In *Johnson*, the Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557.

At the time of his sentencing, Brown had a 1992 Mississippi conviction for aggravated assault and two 1993 Mississippi convictions for aggravated assault of a law enforcement officer.  *See* MISS. CODE § 97-3-7(2) (West 1991); MISS. CODE § 97-3-7(2) (West 1992); *see also McNeill v. United States*, 563 U.S. 816, 821 (2011).  Aggravated assault of a law enforcement officer was defined by the same conduct as aggravated assault generally except the offense had to be perpetrated against a law enforcement officer, and it carried a heavier penalty.  MISS. CODE § 97-3-7(2) (West 1992).

In 2004, aggravated assault was not an enumerated offense and did not involve the use of explosives under § 924(e)(2)(B)(ii) (2004).  Although the inclusion of reckless conduct in subsection (a) of the Mississippi statute likely did not involve the use of force at the time of Brown's sentencing, *see United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004), Brown concedes, and the record supports, that his prior convictions arose under subsection (b) of the divisible state statute which requires intentional conduct.  *See* MISS. CODE § 97-3-7(2)(b) (West 1991); MISS. CODE § 97-3-7(2)(b) (West 1992). Subsection (b) criminalized an "attempt[] to cause or purposely or knowingly caus[ing] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm."  MISS. CODE § 97-3-7(2)(b) (West 1991); MISS. CODE § 97-3-7(2)(b) (West 1992).  Based on the record and the legal precedent at the time of Brown's sentencing, *see Wiese*, 896 F.3d at 724-

25, Brown fails to show that it is more likely than not that the district court relied on the residual clause, rather than the force clause, to determine that his prior convictions qualified as violent felonies under § 924(e)(2). *See United States v. Calderon-Pena*, 339 F.3d 320, 329-30 (5th Cir. 2003), *reh'g en banc granted, opinion vacated*, 362 F.3d 293 (5th Cir. 2004), *on reh'g en banc*, 383 F.3d 254 (5th Cir. 2004), *overruled by United States v. Reyes-Contreras*, 910 F.3d 169, 181-82 (5th Cir. 2018) (en banc); *United States v. Shelton*, 325 F.3d 553, 557-59 (5th Cir. 2003); *United States v. Martinez*, 962 F.2d 1161, 1168-69 & n.14 (5th Cir. 1992).

Because Brown failed to show that the district court more likely than not relied on the residual clause in concluding that he had three prior violent felony convictions under § 924(e), *Johnson* is not a jurisdictional predicate for Brown's § 2255 motion. *See Clay*, 921 F.3d at 558-59. Therefore, the district court did not have jurisdiction to reach the merits of Brown's § 2255 motion. *See id.*; *Wiese*, 896 F.3d at 724-26. Consequently, we VACATE the district court's judgment and DISMISS Brown's § 2255 motion for lack of jurisdiction.