# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2020

No. 18-60039
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ray Anthony Chaney, *also known as* Ray Anthony Bradley, *also known as* Ray Chaney, *also known as* Ray A. Chaney, *also known as* Ray N. Bradley,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-224

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

In 2007, Ray Anthony Chaney was convicted of three federal firearms offenses, including being a felon in possession of a firearm as proscribed by 18 U.S.C. § 922(g)(1). The indictment alleged that he was punishable under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which mandates an enhanced imprisonment range of 15 years to life if a § 922(g) defendant has three prior convictions for a violent felony, a serious drug offense, or both. It listed several prior offenses, of which Chaney's Mississippi convictions in 1999 for one count of "burglary," in 1995 for one count of "burglary of a non-dwelling," and in 1981 for five counts of "burglary and larceny of a dwelling" potentially qualified as violent felonies that would support the ACCA enhancement. The sentencing court applied the ACCA enhancement and imposed a 235-month term of imprisonment for the § 922(g) offense. We affirmed on direct appeal. *United States v. Chaney*, 299 F. App'x 390, 391-95 (5th Cir. 2008). Chaney filed an unsuccessful 28 U.S.C. § 2255 motion. We denied a certificate of appealability (COA).

After the Supreme Court held in *Johnson v. United States*, 576 U.S. 591, 593-97 (2015), that the residual clause in the ACCA's definition of a violent felony was unconstitutionally vague, we granted Chaney tentative authorization to file a second or successive § 2255 motion to argue that the burglary convictions used to support his ACCA enhancement did not qualify as violent felonies. *In re Chaney*, No. 16-60349, 1-2 (5th Cir. July 18, 2016) (unpublished); *see also* § 2255(h)(2); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (making *Johnson* retroactively applicable to cases on collateral review). The district court dismissed Chaney's successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(4) after determining that Chaney's claim did not rely on *Johnson* and did not meet the filing requirements in § 2255(h)(2). We granted Chaney a COA. *United States v. Chaney*, No. 18-60039, 1-3 (5th Cir. January 24, 2019) (unpublished).

A movant who seeks consideration of a successive § 2255 motion by a district court must obtain authorization from this court to file the motion by making a "prima facie showing" that his proposed claim relies on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable," or (2) newly discovered, clear and convincing evidence that, but for the error, no reasonable factfinder would have found the defendant guilty. §§ 2244(b)(3), 2255(h). When, as in this case, a movant obtains such authorization, he must then actually prove at the district court level that his claim satisfies one of those requirements. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018); § 2244(b)(4). If he cannot make that showing, the district court lacks jurisdiction and must dismiss the motion. *Wiese*, 896 F.3d at 723-24. When considering challenges to district court decisions under § 2255, this court reviews findings of fact for clear error and questions of law, including jurisdictional determinations under § 2244(b)(4), de novo. *Id.* at 723 n.3; *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001).

A prisoner making a *Johnson* claim must prove that "it was more likely than not that he was sentenced under the residual clause." *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 866 (2020).[1] To determine whether a sentencing court categorized a conviction as a crime of violence based on the residual clause, we will consider the sentencing record for direct evidence of a sentence, the PSR, other relevant materials before the sentencing court, and the legal landscape at the time of sentencing. *Wiese*, 896 F.3d at 724-25.

It is not clear from the legal landscape and sentencing record whether the district court relied on the residual clause to determine that Chaney's convictions were for violent felonies. Thus, Chaney has failed to carry his

---

[1] Chaney contends that a showing that the sentencing court may have invoked the residual clause should be sufficient to prove that a successive petition relies on *Johnson*. However, he acknowledges that his argument is foreclosed by this court's decision in *Clay*. *See Clay*, 921 F.3d at 559. He raises the issue solely to preserve it for further review.

burden of showing that his successive § 2255 petition relies on *Johnson*. *See Clay*, 921 F.3d at 558.

Because Chaney has not shown that the sentencing court more likely than not relied on the residual clause in determining that his five convictions of "burglary and larceny of a dwelling" were for violent felonies for purposes of the ACCA, we need not consider whether the sentencing court unconstitutionally relied on the residual clause in determining that his convictions of "burglary of a non-dwelling" and "burglary" were violent felonies.[2]

The district court's judgment dismissing Chaney's successive § 2255 motion for lack of jurisdiction is AFFIRMED.

---

[2] Chaney contends that his five "burglary and larceny of a dwelling" convictions, even if for violent felonies, should count only as a single ACCA predicate offense. However, we lack jurisdiction to consider that argument in a successive § 2255 motion. *Johnson* has no bearing on whether those convictions constituted a single ACCA predicate offense and the claim does not otherwise meet the requirements in § 2255(h). *See Weise*, 896 F.3d at 725-26.