# United States Court of Appeals
# for the Fifth Circuit

No. 18-50136
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2020

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roshawn Deon Joiner, *also known as* Shon Joiner,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1069

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Roshawn Deon Joiner was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Joiner was subject to the enhanced penalty provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), based on his prior Texas convictions for robbery,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

aggravated robbery, and attempted murder. He was sentenced below the ACCA's 15-year mandatory minimum term of imprisonment to 151 months of imprisonment and five years of supervised release.

Relevant here, Joiner filed a successive motion to vacate sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551, 2555-56 (2015), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The district court denied the motion, and we granted Joiner a certificate of appealability on two issues: whether the sentencing court relied upon the now-invalid residual clause of § 924(e)(2)(B) in determining that Joiner's prior convictions were violent felonies under the ACCA, and whether Joiner's two Texas simple robbery convictions supported the application of the ACCA. During the pendency of the appeal, however, we issued *United States v. Burris*, 920 F.3d 942, 945 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019) (No. 19-6186), holding that Texas simple robbery, whether committed by force or by threat, has as an element the use, attempted use, or threatened use of physical force against the person of another and therefore qualifies as a felony under the ACCA after *Johnson*. Based on *Burris*, the Federal Public Defender (FPD) appointed to represent Joiner filed a motion under *Anders v. California*, 386 U.S. 738 (1967), which was granted. Joiner, through the FPD, later filed an unopposed petition for rehearing seeking to reinstate his appeal so that he could preserve his arguments pending the potential grant of certiorari in *Burris*. We granted the petition, reappointed the FPD, and directed the parties to address whether the district court had jurisdiction over Joiner's § 2255 motion.

Here, Joiner argues—and the Government agrees—that the district court had jurisdiction over his § 2255 motion. He also argues that Texas simple robbery does not qualify as an ACCA predicate under the elements, or use-of-force, clause. While he argues that *Burris* was wrongly decided, he concedes that his argument is foreclosed by *Burris*, and he raises the issue to

No. 18-50136

preserve it for further possible review in light of the Supreme Court's recent grant of certiorari in *Borden v. United States*, 140 S. Ct. 1262 (2020).

The Government has submitted an unopposed motion for summary affirmance in light of *Burris* or, alternatively, an extension of time to file a brief. The Government also moves for leave to file its motion for summary affirmance out of time. The motion for leave is GRANTED. *See* 5TH CIR. R. 31.4. Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Although the merits question would be subject to summary affirmance,[1] the jurisdictional question is not; accordingly, summary affirmance is not appropriate. Nonetheless, further briefing is not needed.

Having reviewed the state of the law at the time of Joiner's sentencing in 2012, we agree with the parties that it is more likely than not that the sentencing court relied on the residual clause in determining that Joiner's simple robbery convictions qualified as violent felonies under the ACCA based on the existing legal landscape of that time. *See United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 866 (2020); *see also United States v. Wiese*, 896 F.3d 720, 726 (5th Cir. 2018). Accordingly, the district court had jurisdiction, as do we. Turning to the merits, as Joiner concedes, his argument that his Texas robbery convictions are not violent felonies is foreclosed by *Burris*.

---

[1] The pending certiorari petition in *Burris* and grant of certiorari in *Borden*, a Sixth Circuit case, do not alter this analysis, as this court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

No. 18-50136

Accordingly, the judgment of the district court is AFFIRMED; the Government's unopposed motion for summary affirmance is DENIED, and its alternative motion for an extension of time to file its brief is DENIED as unnecessary.