# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2020

Lyle W. Cayce
Clerk

No. 18-30712
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel David Hernandez, *also known as* Emanuel David, *also known as* David Manuel, *also known as* Chino,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CV-1160
USDC No. 6:97-CR-60039-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Manuel David Hernandez, federal prisoner # 09766-035, was convicted by a jury of three counts of bank robbery under 18 U.S.C. § 2113(a) and (d), three counts of using a firearm during a crime of violence under 18

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

U.S.C. § 924(c), and three counts of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), all arising out of three bank robberies committed between April and August of 1997 in Louisiana. *United States v. Hernandez*, No. 98-30925, 2000 WL 122444, at *1 (5th Cir. 2000) (unpublished). The Government sought an enhanced sentence under the Armed Career Criminal Act (ACCA), § 924(e), which mandates an enhanced imprisonment range of 15 years to life if a § 922(g) defendant has three prior convictions for a violent felony, a serious drug offense, or both. It identified Hernandez's 1990 Illinois convictions of 21 counts of residential burglary as requisite predicate convictions. In August of 1998, Hernandez was sentenced to a total of 867 months of imprisonment. His convictions and sentences were affirmed on direct appeal. *Hernandez*, 2000 WL 122444, at *2.

After the Supreme Court held in *Johnson v. United States*, 576 U.S. 591, 593-97 (2015), that the residual clause in the ACCA's definition of a violent felony was unconstitutionally vague, we granted Hernandez tentative authorization to file a second or successive 28 U.S.C. § 2255 motion to argue that the burglary convictions used to support his ACCA enhancement did not qualify as violent felonies. *In re Hernandez*, No. 16-30789, at 1-2 (5th Cir. Aug. 12, 2016) (unpublished); *see also* § 2255(h)(2); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (making *Johnson* retroactively applicable to cases on collateral review). The district court dismissed Hernandez's successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(4) after determining that Hernandez's claim did not rely on *Johnson* and did not meet the filing requirements in § 2255(h)(2). We granted Hernandez a COA. *United States v. Hernandez*, No. 18-30712, at 2-3 (5th Cir. July 15, 2019) (unpublished).

A movant who seeks consideration of a successive § 2255 motion by a district court must obtain authorization from this court to file the motion by making a "prima facie showing" that his proposed claim relies on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable," or (2) newly discovered, clear and convincing evidence that, but for the error, no reasonable factfinder would have found the defendant guilty. §§ 2244(b)(3), 2255(h). When, as in this case, a movant obtains such authorization, he must then actually prove at the district court level that his claim satisfies one of those requirements. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018); § 2244(b)(4). If he cannot make that showing, the district court lacks jurisdiction and must dismiss the motion. *Wiese*, 896 F.3d at 723-24. When considering challenges to district court decisions under § 2255, this court reviews findings of fact for clear error and questions of law, including jurisdictional determinations under § 2244(b)(4), de novo. *Id.* at 723 n.3; *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001).

A prisoner making a *Johnson* claim must prove that "it was more likely than not that he was sentenced under the residual clause." *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 866 (2020).[1] To determine whether a sentencing court categorized a conviction as violent felony based on the residual clause, we will consider the sentencing record for direct evidence of a sentence, the presentence report, other relevant materials before the sentencing court, and the legal landscape at the time of sentencing. *Wiese*, 896 F.3d at 724-25.

It is not clear from the legal landscape and sentencing record whether the district court relied on the residual clause to determine that Hernandez's burglary conviction was for a violent felony. *See United States v. King*, 62 F.3d 891, 896 (7th Cir. 1995) (concluding that Illinois residential burglary offense

---

[1] Hernandez contends that a showing that the sentencing court may have invoked the residual clause should be sufficient to prove that a successive motion relies on *Johnson* under this court's decision in *United States v. Taylor*, 873 F.3d 476, 482 (5th Cir. 2017). That argument is foreclosed by this court's decision in *Clay*, 921 F.3d at 559.

No. 18-30712

qualified as generic and constituted an enumerated offense).    Thus, Hernandez has failed to carry his burden of showing that his successive § 2255 petition relies on *Johnson*.  *See Clay*, 921 F.3d at 558.

The district court's judgment dismissing Hernandez's successive § 2255 motion for lack of jurisdiction is AFFIRMED.  Hernandez's motion to relieve the Federal Public Defender and for appointment of substitute counsel is DENIED.