# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2022

Lyle W. Cayce
Clerk

No. 20-10072
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy Lindsey,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-514
USDC No. 4:09-CR-135-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Timothy Lindsey, federal prisoner # 15723-077, has appealed the district court's judgment dismissing his successive motion under 28 U.S.C. § 2255 challenging his 180-month sentenced imposed under the Armed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10072

Career Criminal Act (ACCA). Previously, we granted Lindsey's motion for authorization to file a successive § 2255 motion based on the holding of *Johnson v. United States*, 576 U.S. 591 (2015). We specified, however, that the grant was "tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Lindsey has failed to make the showing required to file such a motion."

Thereafter, Lindsey filed a successive § 2255 motion based on *Johnson* and *Welch v. United States*, 578 U.S. 120, 127-30 (2016). The Government asserted that Lindsey had failed to show that his motion relied on *Johnson* because his predicate Texas burglary convictions qualified as violent felonies under the ACCA's enumerated-offense clause as, at the time of his sentencing in 2010, those convictions qualified as generic burglaries. The district court determined that it lacked jurisdiction because Lindsey had failed to demonstrate that it was more likely than not that the sentencing court relied on the ACCA's residual clause when Lindsey was sentenced. *See United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019); *United States v. Wiese*, 896 F.3d 720, 726 (5th Cir. 2018).

Lindsey asserts that a Texas burglary under Texas Penal Code § 30.02(a) is indivisible and is categorically broader than the enumerated offense of burglary. He concedes that this question is foreclosed by *United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc), but he raises the issue to preserve it for further review. He moves this court to expand the certificate of appealability to include the merits and to find for him. The motion is DENIED. *See id.*; *see also United States v. Wallace*, 964 F.3d 386,

2

No. 20-10072

389-90 (5th Cir.) (discussing and declining to limit *Herrold*), *cert. denied*, 141 S. Ct. 910 (2020)[1].

Lindsey asserts that this court's prefiling authorization satisfies the only statutory prerequisite for filing a second or successive § 2255 motion. He contends that the gatekeeping requirements of 28 U.S.C. §§ 2244(b) and 2255(h) are non-jurisdictional. As will be discussed, this court held otherwise in *Clay* and *Wiese*. Under the rule of orderliness, one panel of this court may not overturn another panel's decision absent an intervening change in the law. *See Austin v. Davis*, 876 F.3d 757, 778 (5th Cir. 2017).

"A second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application." *Wiese*, 896 F.3d at 723; *see* §§ 2244(b), 2255(h). A prisoner pursuing a successive § 2255 motion must pass through two jurisdictional "gates" to have his motion heard on the merits. *Wiese*, 896 F.3d at 723 (internal quotation marks and citation omitted). Lindsey has passed through the first gate by obtaining this court's authorization to file a successive motion. *See id.* To pass through the second gate, Lindsey must prove that "it was more likely than not that he was sentenced under the residual clause." *Clay*, 921 F.3d at 559. The district court determined that Lindsey had failed to meet that burden.

Lindsey invokes *United States v. Taylor*, 873 F.3d 476, 482 (5th Cir. 2017), which, he contends, was inconsistent with *Wiese* and *Clay*, and is controlling. This contention has been rejected previously. *See United States v. Medina*, 800 F. App'x 223, 225 n.2 (5th Cir.), *cert. denied*, 141 S. Ct. 1048

---

[1] Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but they "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

(2020); *United States v. Hernandez*, 779 F. App'x 195, 199 n.3 (5th Cir. 2019). While *Medina* and *Hernandez* are not binding, *see* 5TH CIR. R. 47.5.4, they are persuasive authority, *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006), and we choose to adopt them here. *See Clay*, 921 F.3d at 555 & 558 n.3 (noting that this court declined in *Taylor* to establish a standard for determining whether the sentencing court relied improperly on the residual clause); *Wiese*, 896 F.3d at 720 (same); *Taylor*, 873 F.3d at 481.

Lindsey asserts that, under 2010 law, the sentencing court could not determine that his habitation burglaries were enumerated burglaries without the state court records, which it did not have, and that the district court could not rely on the characterization of an offense in the presentence report when applying the prior conviction enhancement. These contentions are without merit.

Under *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008), the sentencing court could have determined that Lindsey's Texas burglary convictions qualified as enumerated burglaries under § 30.02(a)(1) or not at all. In *Wiese*, this court recognized that, in determining a sentencing court's potential reliance on the residual clause, it could look at the sentencing record for direct evidence of the sentence, the relevant background legal environment, and the presentence report and other relevant materials before the district court. 896 F.3d at 725; *see also Clay*, 921 F.3d at 558. In this case the presentence report shows that three of Lindsey's burglaries were generic burglaries under § 30.02(a)(1). In each prior case, the probation officer found, based on court disposition records, that Lindsey "intentionally . . . , without the effective consent of the owner, entered a habitation with intent to commit theft." Thus, contrary to Lindsey's contention, the record reflects that the sentencing court did have access to the terms of the pertinent state documents. We note that Lindsey asserted no objection to the probation officer's findings.

No. 20-10072

For the foregoing reasons, the district court did not err in holding that Lindsey failed to meet his burden of showing by a preponderance of the evidence that the sentencing court relied on the ACCA residual clause. *See Clay*, 921 F.3d at 559. The judgment is AFFIRMED.