# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2013

Lyle W. Cayce
Clerk

No. 12-10561
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK JULIAN EDMONDS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2132
USDC No. 3:98-CR-370-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mark Julian Edmonds moves for leave to proceed in forma pauperis (IFP) in appealing the dismissal of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b), challenging the district court's prior resolution of his 28 U.S.C. § 2255 claim of a speedy trial violation and asserting that this court committed fraud when denying him a certificate of appealability (COA) to appeal that denial. By moving to proceed IFP, Edmonds is challenging the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

He briefs no argument challenging the district court's conclusion that, inasmuch as his Rule 60 motion sought to invalidate this court's November 2005 denial of COA, it lacked jurisdiction. Edmonds has therefore waived the argument. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Although Edmonds challenges the alternative construction of his Rule 60 motion as a successive § 2255 motion, to the extent that he sought to challenge the district court's previous denial of his speedy-trial claim on the merits, the district court's construction of the motion as successive was correct, and its alternative dismissal for lack of jurisdiction because such motion was unauthorized was proper. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); 28 U.S.C. § 2255(h); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Whether the district court failed to provide Edmonds with a copy of the magistrate judge's report and the opportunity to respond need not be resolved. Edmonds has not identified any factual dispute or legal contention that he could have raised in the district court that would have prevented dismissal, so any error was harmless. *See Braxton v. Estelle*, 641 F.2d 392, 396 (5th Cir. 1981).

Edmonds identifies no nonfrivolous issue for appeal. A COA is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The motion for leave to appeal IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.