# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2022

Lyle W. Cayce
Clerk

No. 19-11007

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Julian Edmonds,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1835

---

Before Jones, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:*

A jury convicted Petitioner Mark Julian Edmonds in 2000 for violating 18 U.S.C. §§ 922(g) and 924(e) by being a felon in receipt of ammunition. The district court sentenced him to 327 months of imprisonment pursuant to the Armed Career Criminal Act ("ACCA").[1] Edmonds was deemed a career

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Under the ACCA, a person convicted of violating § 922(g) who has three previous convictions for a violent felony or a serious drug offense is subject to a minimum sentence

criminal because, in 1985, he entered nine guilty pleas to burglary in the second degree, a Class C felony, in violation of § 140.25 of the Penal Law of the State of New York.[2] This court affirmed his conviction and sentence and the Supreme Court denied his writ of *certiorari*. *See Edmonds v. United States*, 534 U.S. 870, 122 S. Ct. 160 (2001); *United States v. Edmonds*, 2001 WL 360663 (5th Cir. 2001) (*per curiam*).

Edmonds pursued post-conviction habeas relief in federal court based on alleged Speedy Trial Act violations and moved for relief from judgment under Federal Rule of Civil Procedure 60(b) following the denial of his habeas petition. *United States v. Edmonds*, 511 F. App'x 355 (5th Cir. 2013) (*per curiam*). We denied him a certificate of appealability ("COA"). *Id.*

In 2015, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 593-606, 135 S. Ct. 2551, 2555-63 (2015). Edmonds then sought permission to file a successive habeas petition based on the *Johnson* decision. *In re Edmonds*, No. 16-10673, 2016 U.S. App. LEXIS 16236, *1 (5th Cir. June 27, 2016) (*per curiam*). We granted Edmonds "tentative" authorization to do so in 2016 while emphasizing that "the district court must dismiss the § 2255 motion

---

of 15 years of imprisonment. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). The portion of subsection (ii) after the enumeration of offenses is known as the residual clause. *Johnson v. United States*, 576 U.S. 591, 594, 135 S. Ct. 2551, 2556 (2015).

[2] The only pertinent remark during the court's sentencing colloquy was that "those [burglaries] were offenses that qualified the defendant as an armed career criminal." Critically, the court did not expressly state whether it relied on the ACCA's residual or enumerated clauses in rendering the sentence.

without reaching the merits if it determines that Edmonds has failed to make the showing required by § 2255(h)(2)." *Id.* at *2. Edmonds then filed his petition and argued that his prior New York convictions for second degree burglary no longer qualified as "violent felonies" under the ACCA's residual clause because they did not have the use of force as an element. Edmonds also argued that those convictions fell outside of the generic definition of burglary and thus did not constitute enumerated offenses under the ACCA.

The district court dismissed the successive habeas petition for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b). In doing so, the court determined that New York second degree burglary met the generic definition of burglary. The court alternatively concluded that it lacked jurisdiction over the successive petition because Edmonds did not demonstrate by a preponderance of the evidence that the sentencing court relied on the ACCA's residual clause.[3] Edmonds timely appealed, and the district court denied him a COA.

We also initially denied Edmonds' request for a COA, but reconsidered and ultimately granted him a COA with respect to the following issues:

> (1) What burden, if any, must a movant satisfy in district court to maintain a successive motion under 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015) following the Court of Appeals' preliminary authorization, as compared to

---

[3] The district court emphasized that federal courts viewed New York attempted burglary in the third degree, a less serious offense than second degree burglary, to be a violent felony under the ACCA at the time of sentencing. And cases to the contrary on which Edmonds relied were decided more than 10 years after he was sentenced and were therefore irrelevant in determining whether the sentencing court had relied on the residual clause.

No. 19-11007

the burden to show entitlement to relief under § 2255 and Johnson?

(2) Is New York burglary in the second degree a "generic" burglary?

(3) Is burglary of a vehicle in which someone lives a generic burglary?

(4) Is Mr. Edmonds entitled to post-conviction relief under Johnson?

The government then moved to dismiss the appeal for lack of jurisdiction.

"There are two requirements, or 'gates,' which a prisoner making a second or successive habeas motion must pass to have it heard on the merits." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018) (citation omitted), *cert. denied*, 139 S. Ct. 1328 (2019). *First*, "we must grant the prisoner permission to file a second or successive motion[.]" *Id.* (citing 28 U.S.C. §§ 2244(b)(2), (3)(A), (3)(C), 2255(h)). We did so in 2016. *In re Edmonds*, 2016 U.S. App. LEXIS 16236 at *2. *Second*, "the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Wiese*, 896 F.3d at 723 (citing § 2244(b)(2), (4)). We have now reached that juncture.

"The dispositive question for jurisdictional purposes here is whether the sentencing court relied on the residual clause in making its sentencing determination—if it did, then *Johnson* creates a jurisdictional predicate for the district court, and for our court on appeal, to reach the merits of [Edmonds's] motion." *Id.* at 724. In making that determination, "we must look to the law at the time of sentencing to determine whether a sentence was imposed under the enumerated offenses clause or the residual clause." *Id.*

To make the requisite showing, Edmonds raises the three arguments addressed below. Each is, however, unavailing.

First, he argues that "the district court has no 'gatekeeping' role to play under 28 U.S.C. § 2244(b)(4) after a federal prisoner secures authorization to file a successive motion under 28 U.S.C. § 2255(h)." But he "acknowledges that this position is currently foreclosed by *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)." As explained above, this court continues to hold that "[t]here are two requirements, or 'gates,' which a prisoner making a second or successive habeas motion must pass to have it heard on the merits." *Wiese*, 896 F.3d at 723 (citing *Reyes-Requena*, 243 F.3d at 899). The first argument therefore fails.

Second, Edmonds argues that *Johnson* offers post-conviction relief under § 2255(h)(2) for prisoners deemed armed career criminals because of non-generic burglary convictions. We need not address this argument because, as explained below, the New York burglary convictions at issue are generic and constitute violent felonies under the ACCA's enumerated clause.

Third, Edmonds contends that New York second-degree burglary is non-generic and thus a non-violent felony under the ACCA. But the Second Circuit's decision in *Savoca v. United States* disagreed, and we find that decision dispositive. 21 F.4th 225 (2d Cir. 2021). The sentencing court there determined that the petitioner's three 1991 New York residential burglary convictions constituted violent felonies under the ACCA's enumerated clause. *Id*. at 228, 233-34. The petitioner sought to vacate his sentence by arguing that it was partially based on the residual clause that *Johnson* held to be unconstitutionally vague. *Id*. at 228. The Second Circuit affirmed the district court's denial of the petitioner's successive habeas petition by reasoning (in part) that the "sentencing court would not have committed legal error by using the information in [the petitioner's] PSR . . . to determine that each such burglary had in fact been a 'violent felony' for purposes of the ACCA's enumerated clause." *Id*. at 237 n.8. Thus, when Savoca was

sentenced under ACCA in 2004, "nothing in the legal background . . . precluded, or even greatly complicated, the classification of [the petitioner's] 1991 felony burglaries as 'violent felonies' under ACCA's enumerated clause." *Id.* Edmonds, like the petitioner in *Savoca*, has not demonstrated that his sentencing court erred, in 2000, by classifying his 1985 convictions as generic burglaries that constituted violent felonies under the ACCA's enumerated clause.

We therefore grant the government's motion and DISMISS the appeal for lack of jurisdiction.